UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| MACK ENERGY COMPANY, | CIVIL ACTION |
| --- | --- |
|     Plaintiff | |
| VERSUS | NO. 16-1696 |
| RED STICK ENERGY, LLC, ET AL., | SECTION "E" (1) |
|     Defendants | |

## ORDER AND REASONS

Before the Court is a Second Motion for Summary Judgment Regarding Litigious Redemption filed by Cross Claim Defendants, Main Pass 21, L.L.C. and Albert W. Gunther, III, and Third Party Defendants, Natrona Resources, L.L.C., Albert W. Gunther, Jr. as trustee of The R E Trust, Martha Gunther, as trustee of The R E Trust, Old South Mechanical, L.L.C., Old South Ventures, L.L.C., Dixie Management, L.L.C., and Albert W. Gunther, III (collectively, the "Movers") against Cross Claim Plaintiff and Third Party Plaintiff Red Stick Energy, L.L.C ("Red Stick").[1] Red Stick opposes this motion.[2] Although the motion was filed only against Red Stick, Plaintiff Mack Energy, LLC ("Mack") also opposes the motion.[3] Movers filed a reply.[4] For the following reasons, the motion is **DENIED.**

## BACKGROUND

This case arises out of the drilling of an oil and gas well in the Main Pass 21 Prospect.[5] Mack seeks to recover the costs of drilling, testing, plugging, and abandoning a dry hole from Red Stick, Gunther, Jr., and Main Pass.[6] Mack alleges Red Stick purchased

---

[1] R. Doc. 197.
[2] R. Doc. 213.
[3] R. Doc. 210.
[4] R. Doc. 232.
[5] R. Doc. 191 at ¶ 4.
[6] *Id.* at ¶¶ 37, 38.

1

a 26.5% interest in the Main Pass 21 Prospect and entered into a participation agreement and a joint operating agreement with Mack.[7] Red Stick allegedly assigned all of its interest in the Main Pass 21 Prospect to Defendant Main Pass.[8] Red Stick owns a 10% interest in Main Pass.[9] Red Stick has filed an amended cross-claim against Gunther, Jr. and Main Pass[10] and a second amended third party complaint[11] against Natrona Resources, L.L.C., Dixie Management Services, L.L.C., Albert W. Gunther, Jr. and Martha Gunther as trustees of RE Trust, Old South Mechanical, L.L.C., Old South Ventures, L.L.C., and Albert W. Gunther, III, seeking reimbursement for any award against Red Stick in favor of Mack.

It is undisputed that on October 16, 2018 Mack entered into a Confidential Covenant Not to Execute, Indemnity and Assignment Agreement (the "Settlement Agreement") with Red Stick, Thomas Burnett, and Janet Burnett.[12,13] In this Settlement Agreement, Red Stick and the Burnetts (1) paid Mack $25,000, (2) agreed not to contest a future motion for summary judgment filed by Mack against Red Stick, and (3) assigned their rights against the Movers to Mack.[14] In exchange, Mack agreed (1) to release all claims against the Burnetts; (2) not to execute on any judgment against Red Stick and the Burnetts; and (3) to provide representation and pay the future court costs and attorneys' fees associated with the representation of Red Stick and Thomas Burnett in this litigation.[15] It is undisputed that on that same date, these same parties entered into an

---

[7] *Id.* at ¶¶ 20.
[8] *Id.* at ¶ 36.
[9] *Id.*
[10] R. Doc. 169.
[11] R. Doc. 170.
[12] R. Docs. 197-2, 226, and 227.
[13] The members of Red Stick, LLC are Thomas Burnett and Janet Burnett. R. Doc. 191 at ¶ 1(a). Janet Burnett is not party to this litigation.
[14] R. Doc. 197-2.
[15] *Id.*

2

Assignment of Claims (the "Assignment Agreement").[16] In the Assignment Agreement, Red Stick and the Burnetts, for "good and valuable consideration . . . described in . . . [the Settlement Agreement]," assigned their rights against the Movers to Mack.[17]

On November 12, 2018, counsel for Movers corresponded with counsel for Red Stick, seeking to exercise the right of litigious redemption.[18] On November 16, 2018, Movers filed a "Motion for Litigious Redemption."[19] On March 8, 2019, the Court granted Movers leave to amend their motion for litigious redemption to comply with the requirements of Rule 56 and Local Rule 56.1.[20] On March 22, 2019, Movers filed a Motion for Summary Judgment, seeking judgment as a matter of law that (1) they are entitled to exercise the right under Louisiana Civil Code article 2652 to redeem the litigious rights purchased by Mack, and (2) the price paid for the litigious rights assigned to Mack is equal to all attorneys' fees and court costs for the representation of Red Stick and Thomas Burnett from the date of the assignment (October 16, 2018) to the date of demand for litigious redemption (November 12, 2018).[21] On April 3, 2019, the Court denied this motion for summary judgment.[22] In so doing, the Court explained Movers were not entitled to exercise the right of litigious redemption for the price of attorneys' fees and costs because "'redemption should only apply to transfers made in return for the payment of a certain or determinable amount of money,'" and "[t]he attorneys' fees and costs

---

[16] R. Docs. 197-2, 226, and 227.
[17] R. Doc. 197-4.
[18] R. Doc. 126-11.
[19] R. Doc. 98.
[20] R. Doc. 122.
[21] R. Doc. 126.
[22] R. Doc. 137.

incurred by Mack for its representation of Red Stick and Thomas Burnett is not determined or determinable at the time."[23] The Court explained:

> The attorneys' fees and costs associated with Mack's representation of Red Stick and Thomas Burnett did not cease on the day Movers made known their intention to exercise the right of litigious redemption. Rather, the attorneys' fees and costs continue to accrue as Mack agreed to represent Red Stick and Thomas Burnett throughout this litigation.[24]

The Court further explained:

> Because Red Stick and the Burnetts assigned their rights against Movers to Mack in exchange for the discharge of a debt, the price Movers owe to redeem the litigious rights is the amount of the debt discharged by the assignment.[25]

On June 11, 2019, Mack and Red Stick entered into an Addendum to the Confidential Covenant Not to Execute, Indemnity and Assignment Agreement (the "Addendum"), which "deleted and . . . declared null and void *ab initio*" the assignment of claims set forth in the October 16, 2018 Settlement Agreement and Assignment Agreement.[26] The Addendum further provides the Settlement Agreement "is hereby amended such that [Mack] agrees that it will limit its execution on any judgment it obtains against [Red Stick] in the Litigation to those amounts [Red Stick] collects from the other parties in the Litigation pursuant to [Red Stick's] cross-claims and third-party claims."[27] With respect to this limitation, the Addendum additionally provides: "it is the Parties' intent that the debt owed to [Mack] has not been and shall not be remitted, but that [Mack] agrees to limit satisfaction and/or collection of any judgment or awarded rendered herein in favor of [Mack] and against [Red Stick] as set forth [above]."[28] Finally,

---

[23] *Id.* at 8-9 (quoting *Martin Energy Co. v. Bourne*, 598 So. 2d 1160, 1162-63 (La. Ct. App. 1992)).
[24] *Id.* at 9.
[25] *Id.* at 13 (citing Mervin R. Riseman, *The Sale of a Litigious Right*, 13 Tul. L. Rev. 448, 454 (1939)).
[26] R. Doc. 197-5 at 2.
[27] *Id.*
[28] *Id.* at 2-3.

4

"[t]he Parties stipulate that it is the intent of the Agreements as modified by this Addendum that the amounts [Red Stick and the Burnetts] . . . will pay to [Mack] . . . is limited to the $25,000 previously paid in accordance with the [Settlement Agreement] and the amounts collected in this Litigation as set forth [above]."[29]

On June 27, 2019, counsel for Movers sent correspondence to counsel for Red Stick seeking to exercise their right of litigious redemption.[30] Movers allege counsel for Red Stick did not respond to the correspondence.[31] On June 28, 2019, Movers filed the instant Second Motion for Summary Judgment Regarding Litigious Redemption against Red Stick seeking summary judgment that:

> [T]here are no material issues of fact that, pursuant to article 2652 of the Louisiana Civil Code, (1) the doctrine of litigious redemption applies to the claims transferred from Mack Energy Company to Red Stick Energy, L.L.C. on June 11, 2019, (2) the price paid for the litigious rights assigned by Mack Energy Company to Red Stick Energy, LLC is $25,000.00, and (3) Movers are entitled to an opportunity to redeem those litigious rights for the same price paid by Red Stick Energy, L.L.C.[32]

Movers argue that the Addendum "transferr[ed] the claims against Movers from Mack back to Red Stick" for the price of $25,000, which constituted a sale of litigious rights.[33]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[34] "An issue is material if its resolution could affect the outcome of the action."[35] When assessing whether a material factual dispute exists, the Court considers "all of the

---

[29] *Id.* at 3.
[30] R. Doc. 197-6.
[31] R. Doc. 197-1 at 7.
[32] *Id.* at 15.
[33] *Id.* at 7.
[34] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[35] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

evidence in the record but refrains from making credibility determinations or weighing the evidence."[36] All reasonable inferences are drawn in favor of the nonmoving party.[37] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[38]

If the dispositive issue is one on which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[39] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[40]

If the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[41] When proceeding under the first option, if the

---

[36] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[37] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[38] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[39] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[40] *Celotex*, 477 U.S. at 322–24.
[41] *Id.* at 331–32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (citing Justice Brennan's dissent in *Celotex*, and requiring

nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[42] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[43] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[44] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[45] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[46]

---

the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[42] *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986).
[43] *Celotex*, 477 U.S. at 332–33.
[44] *Id.*
[45] *Celotex*, 477 U.S. at 332–33, 333 n.3.
[46] *Id.*; *see also First National Bank of Arizona*, 391 U.S. at 289.

"[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[47]

## LAW AND ANALYSIS

Louisiana Civil Code article 2652 provides, "[w]hen a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment."[48] Comment (d) to article 2652 provides "[t]his Article is inapplicable to transactions that do not, in fact, import a sale, such as pignorative contracts."[49],[50],[51] Louisiana Civil Code article 2439 defines a sale a "a contract whereby a person transfers ownership of a thing to another for a price in money."[52]

Mack and Red Stick each argue Movers are not entitled to judgment as a matter of law that they are entitled to exercise the right of litigious redemption under Article 2652

---

[47] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[48] La. Civ. Code art. 2652.
[49] La. Civ. Code art. 2652 cmt. (d) (citing *Lerner Shops of Louisiana, Inc. v. Reeves*, 73 So.2d 490 (La. App. 1st Cir. 1954)).
[50] Under Louisiana law, the starting point for statutory interpretation is the language of the statute itself. "When the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law." La. Civ. Code. art. 10; La. R.S. § 1:3. While "the Official Revision Comments are not the law, they may be helpful in determining legislative intent." *Tracie F. v. Francisco D.*, 2015-1812 (La. 3/15/16), 188 So. 3d 231, 238; *State v. Jones*, 351 So.2d 1194, 1195 (La. 1977).
[51] With respect to the definition of "import," the Oxford English Dictionary defines the term as "[t]hat which is implied or signified." *Import*, OXFORD ENGLISH DICTIONARY (3d ed. 2015). The one case cited within Comment (d), *Lerner Shops of Louisiana, Inc. v. Reeves*, confirms "import" means to signify, or constitute, a sale. In *Lerner Shops*, the First Circuit Court of Appeals of Louisiana analyzed whether two contracts "*constitute* a sale of land with a right of redemption . . . or a pignorative contract . . ." 73 So.2d at 496 (emphasis added).
[52] La. Civ. Code art. 2439.

because the Addendum did not import or signify a sale, but rather merely voided the October 16, 2018 assignment of litigious rights. Specifically, Mack argues: "[l]itigious redemption is not available to the [Movers] in this case because the 'transfer' at issue only returned the claims back to the original assignor (Red Stick), [and,] therefore, the act did not import a sale."[53],[54] Red Stick argues the Addendum constitutes a "nullification of the original agreement from Red Stick to Mack."[55]

The "Nullification of Assignment of Claims" section of the Addendum provides the assignment of claims referenced in the Settlement Agreement and the Assignment Agreement "shall be deleted and is hereby declared null and void *ab initio.*"[56] As Mack correctly points out, Red Stick did not "purchase" its own litigious rights back from Mack.[57] Instead, by its own express terms, the Addendum nullifies and/or voids the sale included in the Settlement Agreement and Assignment Agreement. Pursuant to Louisiana Civil Code article 2029, "[a] contract is null when the requirements for its formation have not been met."[58] When a contract or a provision contained therein is declared null, it "is deemed never to have existed" and accordingly the parties are "restored to the situation that existed before the contract [or provision] was made."[59],[60] The parties to the

---

[53] R. Doc. 210 at 6.
[54] The $25,000 paid by Red Stick to Mack was in conjunction with the Settlement Agreement and the Assignment Agreement. No money was paid by Mack to Red Stick at the time of the Addendum. The Court has already ruled that, with respect to the Settlement Agreement and Assignment Agreement, the amount to exercise the right of litigious redemption "is the amount of the debt discharged by the assignment." R. Doc. 137 at 13.
[55] R. Doc. 213 at 5-6.
[56] R. Doc. 197-5 at 2.
[57] R. Doc. 210 at 7.
[58] La. Civ. Code art. 2029.
[59] La. Civ. Code art 2033.
[60] "Nullity of a provision does not render the whole contract null unless, from the nature of the provision or the intention of the parties, it can be presumed that the contract would not have been made without the null provision." La. Civ. Code art. 2034. In this case, the "Effect of the terms of the Agreements" section of the Addendum provides: "[t]he parties agree that all terms in the [Settlement Agreement] and Assignment Agreement remain in force and effect to the extent that those terms are not inconsistent with the terms and intent of this Addendum." R. Doc. 197-5 at 3.

Settlement Agreement and the Assignment Agreement declared the assignment of claims null and void. Although the Louisiana Civil Code does not define the term "void," Black's Law Dictionary defines "void" as meaning "null,"[61] and accordingly the two terms carry identical meanings. Whether the assignment is void *ab initio*—from the assignment date of October 16, 2018—or from the execution of the Addendum on June 11, 2019, is not material in this case as no third parties acquired any rights in the interim period. By nullifying the October 16, 2018 assignment, the Addendum returns Mack and Red Stick to their pre-assignment positions, as though the assignment had never been made. Consequently, the Addendum does not import a sale and, instead, nullifies a sale.

Because the Addendum does not import a sale, Movers are not entitled to judgment as a matter of law that the doctrine of litigious redemption applies.

## CONCLUSION

**IT IS ORDERED** that the Motion for Summary Judgment[62] filed by Movers is **DENIED.**

New Orleans, Louisiana, this 6th day of September, 2019.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[61] *Void*, BLACK'S LAW DICTIONARY ONLINE LEGAL DICTIONARY (2nd ed).
[62] R. Doc. 197.