# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| MACK ENERGY COMPANY, | CIVIL ACTION |
| --- | --- |
|    Plaintiff | |
| VERSUS | NO. 16-1696 |
| RED STICK ENERGY, LLC, ET AL., | SECTION "E" (1) |
|    Defendants | |

## ORDER AND REASONS

Before the Court is a Rule 12(b)(6) Motion To Dismiss For Failure To State A Claim For Which Relief Can Be Granted, Or Alternatively Motion For Summary Judgment, As To Mack Energy Co.'s Fifth Amended And Superseding Complaint filed by Defendant Main Pass 21, L.L.C. ("Main Pass").[1] Mack Energy Co. ("Mack") opposes this motion.[2] Main Pass filed a reply.[3] Mack filed a supplemental opposition.[4] For the following reasons, Main Pass's motion is **DENIED**.

## BACKGROUND

This case arises out of the drilling of an oil and gas well in the Main Pass 21 Prospect (the "Prospect").[5] Mack alleges Red Stick Energy, LLC ("Red Stick") purchased a 26.5% interest in the Main Pass 21 Prospect and entered into a participation agreement ("PA") and a joint operating agreement ("JOA") with Mack.[6] According to Mack, Red Stick executed the agreements with the understanding that an entity to be formed in the future, Main Pass, would be formed with Natrona Resources, L.L.C.[7] and Red Stick as its

---

[1] R. Doc. 198.
[2] R. Doc. 212.
[3] R. Doc. 233.
[4] R. Doc. 247.
[5] R. Doc. 191 at ¶ 4.
[6] *Id.* at ¶ 20.
[7] Gunther, Jr. is a member of Natrona Resources, L.L.C. R. Doc. 191 at ¶ 1.

1

members, and Red Stick would then assign its interest in the Prospect to that entity.[8] Mack "paid the costs incurred in drilling, testing, plugging and abandoning the Subject Well," and, "because Burnett and Gunther, Jr. had not yet completed the anticipated assignment of Red Stick's interest to Main Pass, Mack issued joint interest billing statements to Red Stick for its respective share of said costs."[9] A portion of the joint interest billing statements sent to Red Stick remains unpaid.[10]

On December 8, 2016, Mack filed the instant lawsuit to recover the costs of drilling, testing, plugging, and abandoning the dry hole. In its original complaint and first two amended complaints, with respect to Main Pass, Mack alleged, among other things:

> Main Pass acquired ninety (90%) percent of Red Stick's interest in the Main Pass 21 Prospect and corresponding PA and JOA and is therefore liable directly to Mack.[11]

Mack's third amended complaint brings claims solely against Gunther, Jr. and Martha Gunther, as trustees of RE Trustee, and does not alter the allegations against Main Pass.[12]

During a telephone status conference on May 13, 2019, Mack informed the Court and the other parties:

> [Mack] will file a voluntary dismissal with prejudice by no later than Monday, May 20, 2019 of its claims against Defendants Main Pass 21, L.L.C., Dixie Management Services, L.L.C., Albert W. Gunther, Jr., individually and as trustee of the RE trust, Natrona Resources, L.L.C., Old South Mechanical, L.L.C., Old South Ventures, L.L.C., Albert W. Gunther, III, and Martha Gunther, individually and as trustee of the RE trust, for breach of contract and piercing the corporate veil.[13]

On May 20, 2019, Mack filed an Unopposed Motion of Voluntary Dismissal, stating:

---

[8] R .Doc. 191 at ¶¶ 13-14.
[9] *Id.* at ¶ 24.
[10] *Id.* at ¶ 26.
[11] R. Doc. 1 at ¶ 1 (Complaint), R. Doc. 20 at ¶ 31 (First Amended and Supplemental Complaint); R. Doc. 67 at ¶ 28 (Second Amended and Supplemental Complaint).
[12] R. Doc. 152.
[13] R. Doc. 165.

> Mack hereby moves that the Court dismiss with prejudice Mack's claims against Defendants Main Pass 21, L.L.C., Dixie Management Services, L.L.C., Albert W. Gunther, Jr., individually and as trustee of the RE trust, Natrona Resources, L.L.C., Old South Mechanical, L.L.C., Old South Ventures, L.L.C., Albert W. Gunther, III, and Martha Gunther, individually and as trustee of the RE trust, under theories of breach of contract and piercing the corporate veil.[14]

The Court granted this unopposed motion, ordering:

> Defendants Main Pass L.L.C., Dixie Management Services, L.L.C., Albert W. Gunther, Jr., individually and as trustee of the RE trust, Natrona Resources, L.L.C., Old South Mechanical, L.L.C., Old South Ventures, L.L.C., Albert W. Gunther, III, and Martha Gunther, individually and as trustee of the RE trust, under theories of breach of contract and piercing the corporate veil be dismissed with prejudice.[15]

On the same date Mack filed its unopposed motion of voluntary dismissal, Mack also filed its fourth amended complaint.[16] In its fourth amended complaint, Mack names Main Pass as a defendant and appears to bring only a detrimental reliance claim against Main Pass.[17]

On June 18, 2019, Mack filed its fifth amended and superseding complaint, in which it brings a breach of contract claim against Red Stick and a detrimental reliance claim against Gunther, Jr.[18] Additionally, Mack names Main Pass as a Defendant and alleges:

> Main Pass assumed the obligations of Red Stick under the PA and JOA. Therefore, Main Pass is solidarily liable with Red Stick and Gunther, Jr. to Mack for outstanding amounts, contractual interest, and reasonable attorney's fees and costs associated with Mack's efforts to collect the amounts due under the JOA and PA.[19]

In the instant motion, Main Pass argues "even if Mack can succeed in proving Main Pass 21, L.L.C. assumed the obligations, Mack has no claim against Main Pass 21, L.L.C. for breach of the assumed contracts" because "the underlying claim of Mack's

---

[14] R. Doc. 166.
[15] R. Doc. 173.
[16] R. Doc. 167.
[17] *Id.*
[18] R. Doc. 191.
[19] *Id.* at ¶ 38.

3

'assumption' claim is a breach of contract claim, which Mack previously dismissed."[20] In response, Mack argues its assumption of obligations claim is based on Louisiana Civil Code article 1821, and a claim under article 1821 "is a claim in equity, not breach of contract."[21]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[22] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] The court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[25] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[26]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[27] "[W]here the well-pleaded facts do not permit the court to infer

---

[20] R. Doc. 198-1 at 7.
[21] R. Doc. 212 at 1.
[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[24] *Id.*
[25] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[26] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[27] *Twombly*, 550 U.S. at 555.

more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[28] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[29]

## LAW AND ANALYSIS

Main Pass moves to dismiss Mack's complaint on the basis that Mack dismissed with prejudice its breach of contract claims against Main Pass, and "[t]he claim of 'assumption and solidary liability' is nothing other than a veiled breach of contract claim."[30] In effect, Main Pass asks the Court to hold that res judicata, an affirmative defense ordinarily required to be raised in an answer pursuant to Federal Rule of Civil Procedure 8(c), bars Mack from bringing this action against Main Pass. The Court first addresses whether it may consider res judicata on a motion to dismiss, and relatedly, whether the Court must convert such a motion to dismiss as a motion for summary judgment. The Fifth Circuit has explained that a 12(b)(6) motion to dismiss properly raises res judicata when "the facts are admitted or not controverted or are conclusively established."[31] "When all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer."[32] A court need not convert a motion to dismiss to a motion for summary judgment, "[e]ven though a court permits affidavits and other evidence to be entered into the record, as long as the court does not base its judgment on

---

[28] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[29] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (quotations omitted).
[30] R. Doc. 198-1 at 7.
[31] *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (quoting *Clifton v. Warnaco, Inc.*, 53 F.3d 1280,1995 WL 295863, at *6 n.13 (5th Cir. 1995) (per curiam)).
[32] *Id.* (citation omitted).

5

matters outside of the pleading."[33] Notably, federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss without converting the motion to a motion for summary judgment.[34]

In this case, any facts necessary for the Court to decide the applicability of res judicata are agreed upon by the parties.[35] The parties have not submitted evidence outside the pleadings pertaining to applicability of res judicata, and the Court need not consider any facts outside the Court's own records, of which the Court takes judicial notice. Mack has not objected to the Court considering the motion as a motion to dismiss rather than a motion for summary judgment.[36] Accordingly, it is appropriate for the Court to consider Main Pass's motion as a motion to dismiss.[37]

The Court next considers the substance of Main Pass's motion under federal law. "Federal law determines the res judicata and collateral [estoppel] effect given a prior decision of a federal tribunal, regardless of the bases of the federal court's jurisdiction."[38] "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion."[39]

---

[33] *Test Masters Educational Services, Inc. v. Singh,* 428 F.3d 559, 570 n.2 (5th Cir. 2005) (citations omitted). *See also Davis v. Bayless,* 70 F.3d 367, 372 n. 3 (5th Cir.1995) (the presence of affidavits in the record does not convert the motion to dismiss to a motion for summary judgment); *Causey v. Sewell Cadillac–Chevrolet,* 394 F.3d 285, 288 (5th Cir. 2004) (documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim); *Moch v. East Baton Rouge Parish School,* 548 F.2d 594, 596 n. 3 (5th Cir. 1977) ("[I]f the trial court has treated the 12(b)(6) motion [based on res judicata] as one for summary judgment, its dismissal under 12(b)(6) is not reversible error." (citing *Larter & Sons, Inc. v. Dinkler Hotels Co.,* 199 F.2d 854, 855 (5th Cir.1952))).
[34] *Test Masters,* 428 F.3d at 570 n.2 (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n. 6 (5th Cir.1994)).
[35] *See* R. Doc. 198-2 at ¶ 9 and R. Doc. 228 at ¶ 1.
[36] *See* R. Doc. 212. In fact, Mack states it is "mystified by the characterization of Main Pass's motion as one alternatively for summary judgment. Main Pass does not rely on any allegations beyond Mack's complaint and the Court's dismissal with prejudice." *Id.* at 2 n.5.
[37] *See Pipkins v. Stewart,* Civil Act. No. 5:15-cv-2722, 2019 WL 1442218, at *13 (W.D. La. April 1, 2019).
[38] *Freeman v. Lester Coggins Trucking, Inc.,* 771 F.2d 860, 862 (citing *Stovall v. Price Waterhouse Co.,* 652 F.2d 537 (5th Cir. 1981)).
[39] *Test Masters,* 428 F.3d at 570 (citing *St. Paul Mercury Ins. Co. v. Williamson,* 224 F.3d 425, 436 (5th Cir. 2000)).

"Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[40]

The party raising the defense of res judicata or claim preclusion bears the burden of proving all four elements of res judicata,[41] which include: (1) the parties are identical or in privity; (2) the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and, (4) the same claim or cause of action was involved in both actions.[42] The parties do not appear to contest the first three elements, which are easily established: (1) the parties, Mack and Main Pass, are identical; (2) the May 22, 2019 order was rendered by this Court, which has jurisdiction over this matter; and (3) the breach of contract action was concluded by a final judgment on the merits.[43] Because the parties do not dispute the first three elements are met, the question of res judicata turns on whether the fourth element is met.[44]

With regard to the fourth element, whether the same claim or cause of action was involved in both actions, the Fifth Circuit uses the transactional test.[45] "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose."[46] "What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation,

---

[40] *Id.* (citing *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).
[41] *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) (citing 18 Wright & Miller § 4405, at 83).
[42] *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004).
[43] A voluntary dismissal with prejudice operates as an adjudication on the merits. Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice." A dismissal with prejudice "operates as an adjudication on the merits.").
[44] *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 (5th Cir. 2016).
[45] *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).
[46] *Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt*, 365 F.3d at 395-96).

whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."[47] "If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred."[48] The critical issue is whether the two actions are based on the "same nucleus of operative facts."[49] Further, under the transactional test "the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts."[50] "Operative facts" differ from "factual similarities"; although factual similarities are "potentially relevant for purposes of collateral estoppel, [they] are not relevant to res judicata."[51]

For instance, in *Test Masters*, the Fifth Circuit held that, although the first and second trademark proceedings at issue "both involve potential customer confusion stemming from [the plaintiff's] website," the operative facts between the two actions were not the same because:

> The current action does not involve the legitimacy of [the plaintiff's] use of the testmasters.com domain name, which was the central dispute in the previous litigation. Moreover, the nucleus of facts in the current action concerns allegations of intentional fraud and malice that did not occur at the time of the previous action.[52]

Similarly, in *Sandoz v. United States*, Judge Barbier of the Eastern District of Louisiana found that both the first and second litigation involved the same claim for "the alleged permanent disability of the arm and hand resulting from the October 2011 surgery performed at the VA facility in Mississippi," but the complaint in the second action also

---

[47] *Id.* (citing *Petro-Hunt*, 365 F.3d at 396).
[48] *Id.* (citing *New York Life Insur. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000)).
[49] *Id.* (quoting *Gillispie*, 203 F.3d at 387; citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309 (5th Cir. 2004)).
[50] *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994).
[51] *Test Masters*, 428 F. 3d at 572 (quoting *Petro–Hunt*, 365 F.3d at 396).
[52] *Id.* at 572.

"raises claims based on surgeries and treatment that occurred after the filing of the original complaint in the prior action."[53] Judge Barbier held the additional claims in the second action were not barred by res judicata, but the "claims based on the October 2011 surgery in the prior action" were barred by res judicata.[54]

In *Snow Ingredients*, the plaintiff brought a RICO claim in the first action, alleging mail and wire fraud as the predicate criminal activity.[55] This claim was dismissed, and the plaintiff subsequently brought a new RICO claim in the second action, this time alleging obstruction of justice as the predicate criminal activity.[56] The Fifth Circuit explained "[t]he litigation tactics that are the substance of these claims were the same facts [the plaintiff] asserted in the [previous] Cases in support of its mail and wire fraud RICO claims."[57] The Fifth Circuit held these claims were barred by res judicata because the plaintiff "now points to the same facts as the basis for its new RICO claims with obstruction of justice as the predicate criminal activity."[58] In doing so, the Fifth Circuit explained: "[The plaintiff], however, cannot revive old facts under a new legal theory. True *res judicata* bars recovery when a party seeks to relitigate the same facts even when the party argues a novel legal theory"[59]

This case is like *Test Masters*, which involved two actions in which the claims arose from different operative facts, and unlike *Snow Ingredients*, which involved two actions in which the claims were both RICO claims arising from the same set of operative facts. In this case, the operative facts in Mack's dismissed breach of contract claim included

---

[53] Civil Action No. 15-3697, 2016 WL 1545662, at *5 (E.D. La. April 15, 2016).
[54] *Id.*
[55] 833 F.3d at 522.
[56] *Id.*
[57] *Id.*
[58] *Id.*
[59] *Id.* (citing *Agrilectric Power Partners*, 20 F.3d at 665).

9

whether Main Pass entered into agreements with Mack such that Main Pass could be held *directly* liable for any breaches of said agreements.[60] Mack's current assumption of obligation claim stems from its allegation that Main Pass *assumed* the obligations of Red Stick under the PA and JOA, and as a result Main Pass is liable to Mack for breaches of the PA and JOA.[61] Main Pass does not have to convince the Court that the dismissal of Mack's breach of contract claim was in error to prevail in this action. Accordingly, the Court concludes Mack's "assumption of obligations" claim against Main Pass is not barred by Mack's prior voluntary dismissal with prejudice of its breach of contract claim against Main Pass.

Although Mack may not be estopped from bringing its claim under true res judicata, the Court must also consider whether Mack may be estopped under collateral estoppel (issue preclusion).[62] "Collateral estoppel precludes a party from litigating an issue already raised in an earlier action between the same parties only if: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action."[63] An issue is "actually litigated" when the issue is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined."[64] An issue is "submitted and determined on a motion to dismiss for failure to state a claim, a motion for judgment on the pleadings, a motion for summary judgment . . . , a motion for directed verdict, or their equivalents, as well as

---

[60] R. Doc. 1 at ¶ 1 (Complaint), R. Doc. 20 at ¶ 31 (First Amended and Supplemental Complaint); R. Doc. 67 at ¶ 28 (Second Amended and Supplemental Complaint).
[61] R. Doc. 212 at ¶ 38.
[62] *Test Masters*, 428 F.3d at 572.
[63] *Id.* (citing *Petro–Hunt*, 365 F.3d at 397).
[64] Restatement (Second) of Judgments § 27 (1982).

on a judgment entered on a verdict."[65] In this case, collateral estoppel does not apply because Mack's breach of contract claim based on Main Pass's assumption of the obligations under the PA and JOA were not "actually litigated." Accordingly, Mack is not estopped under collateral estoppel.

In its reply, Main Pass argues for the first time that Mack's assumption of obligations claim must be dismissed because the alleged assumption agreement was not contained in a writing, as required by Louisiana Code article 1821.[66] However, "[i]t is the practice of [the Fifth Circuit] and the district courts to refuse to consider arguments raised for the first time in reply briefs."[67] Accordingly, the Court declines to address Main Pass's new arguments.

## CONCLUSION

**IT IS ORDERED** that Main Pass's motion to dismiss is **DENIED.**

**New Orleans, Louisiana, this 20th day of September, 2019.**

                              **SUSIE MORGAN**
                         **UNITED STATES DISTRICT JUDGE**

---

[65] *Id.*
[66] R. Doc. 233 at 2-3.
[67] *Gillaspy v. Dall. Indep. Sch. Dist.*, 278 Fed. Appx. 307, 315 (5th Cir. 2008).